IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ERIN GENULLIS,

    *Plaintiff*,

v.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

    *Defendant*.

## COMPLAINT

Plaintiff Erin Genullis, by and through her counsel of record, McDermott Law, LLC, for her Complaint against Defendant The Guardian Life Insurance Company of America, states and alleges as follows:

### I.    PARTIES, JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et. seq.*

2. Plaintiff Erin Genullis ("Plaintiff" or "Ms. Genullis"), at all times pertinent hereto, was and is a resident and domiciliary of the State of Colorado.

3. Prior to becoming disabled, Genullis worked as an attorney for Leventhal Puga Braley P.C.

4. By virtue of her employment, Genullis was a "participant" in and "beneficiary" of the Leventhal Puga Braley P.C. Long Term Disability Income Plan ("Plan") as those terms are defined by 29 U.S.C. § 1002(7) and (8).

5. The Plan is an "employee benefit plan" as that term is defined by 29 U.S.C. § 1002(3).

6.   As part of the Plan, employee participants were guaranteed certain long-term disability ("LTD") income replacement benefits if they became disabled as defined by the Policy.

7.   The Plan's LTD benefits are funded by a Group Long Term Disability Income Insurance Policy Number G-00561977("Policy"), issued by Defendant The Guardian Life Insurance Company Of America ("Guardian").

8.   Upon information and belief, Guardian is the designated claim administrator for the Plan regarding claims for benefits under the Policy.

9.   Defendant Guardian is a New York insurance company, organized and existing under the laws of the State of New York, with its principal place of business and headquarters in New York, New York.

10.  Guardian is registered with the Colorado Division of Insurance and conducts the business of insurance in the State of Colorado.

11.  The Court has subject matter jurisdiction over the action under 28 U.S.C. 1331 and 29 U.S.C. §§ 1132(e) and (f).

12.  This Court has personal jurisdiction over the Defendant.

13.  Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. § 1132(e)(2).

## II.   GENERAL ALLEGATIONS

**A.   <u>The LTD Policy</u>**

14.  Under the LTD Policy, Guardian promised that if Ms. Genullis became Disabled while the Policy was in effect, Guardian would pay 60% of Genullis' monthly Covered Earnings rounded to the nearest dollar, or the Maximum Disability.

15.  The LTD Policy defines "disabled" as is applicable to Genullis' claim to mean:

> Disability or Disabled: These terms mean that a current Sickness or Injury causes impairment to such a degree that You are:

- Not able to perform, on a Full-Time basis, the major duties of Your Own Occupation; and
- Not able to earn more than this Certificate's maximum allowed Disability Earnings.

16. Guardian is and was responsible for investigating and evaluating claims for benefits and made all determinations regarding Plaintiff's eligibility for and entitlement to benefits under the Policy.

17. Guardian was required to ensure that all benefit determinations under the Policy were reasonable and based on the terms of the Plan and the facts and circumstances of the claim.

18. Guardian, as the insurer and underwriter of the Policy, is solely liable for the payment of benefits on all approved claims and, if a claim is approved, must pay those benefits from its funds.

**B.  Claim History**

19. By letter dated February 11, 2021, the undersigned notified Guardian on Ms. Genullis' behalf that this office would be assisting her with her application for long-term disability insurance benefits and requested the claim forms necessary to initiate her claim.

20. On March 1, 2021, Ms. Genullis submitted the completed claim forms, attending physicians' statements, employers' statements and pertinent medical records to Guardian for review.

21. By letter dated March 3, 2021, Guardian acknowledged receipt of Ms. Genullis' claim.

22. By letter dated March 9, 2021, Ms. Genullis supplemented her claim to Guardian with additional medical records for review.

23. On March 18, 2021, the assigned claim representative of Guardian, Delondria Terry ("Terry"), conducted a telephone interview with Ms. Genullis regarding her conditions and Guardian's claim processes.

24. By letter dated March 19, 2021, Guardian requested additional documentation from Ms. Genullis.

25. By letters dated March 25, April 1, and 4, 2021, Ms. Genullis provided supplemental documentation in response to Guardian's March 19th request.

26. On April 15, 2021, Guardian again requested additional information "necessary to complete the review of your claim" and requested a 30-day extension to receive and review the information needed to determine her eligibility for benefits under the plan, despite Guardian having already received this information.

27. By letter dated April 27, 2021, Ms. Genullis responded to Guardian's April 15th letter indicating that all requested information had already been submitted.

28. On April 209, 2021, Guardian claim representative, Delondria Terry, sent an email advising Plaintiff that "[t]he claim has been approved for LTD benefits. However, with the 90 day elimination period, benefits commence May 28, 2021. I will be in touch with Attorney McDermott as we reach closure to the benefit commencement date. At that point, benefits will be payable and I can provide benefit details."

29. Just a few hours later, Ms. Terry sent another email indicating, "[p]lease note that the previous communication sent to you advising benefits for claim #113551 had been approved was sent in error. We continue to evaluate the claim to determine if benefits are payable under the terms of the policy. These terms require that Ms. Genullis remain totally disabled throughout the claim's waiting period, which we continue to evaluate. We apologize for any inconvenience or confusion from our prior communication. Should there be any additional information needed to complete our evaluation of the claim, we will let you know."

30. By letter dated May 25, 2021, Ms. Genullis reminded Guardian that her elimination period would be satisfied in two days, and that she anticipated a claim approval and benefit start date of May 28, 2021.

31. By email of June 10, 2021, Ms. Genullis received yet another email from claim representative Delondria Terry advising that "[w]e were made aware that Ms. Genullis has an Individual policy with Berkshire. We are partnering with Berkshire to confirm that we have the same information and our reviews are consistent. We will continue to coordinate with Berkshire and the information requested does not have to be sent to both claims areas. It can be sent to one area and we will share the information."

32. Ms. Genullis responded to Ms. Terry's email via letter dated June 16, 2021, advising that Guardian was in violation of the applicable ERISA regulations for reaching a claim decision, citing 29 C.F.R. §2560.503-1 (f)(3).

33. On July 23, 2021, when Guardian still had not rendered a claim decision, the undersigned reached out to Guardian claim manager, Delondria Terry via telephone, with no success, and follow-up by letter reiterating Guardian's claim decision was months overdue.

34. By letter dated July 30, 2021, Guardian simply stated it was awaiting receipt of the documentation being requested by Berkshire Life Insurance Company with regard to Ms. Genullis' individual disability income claim and would render a decision upon receipt of those documents. Guardian's July 30 letter ignored all other issues raised by Ms. Genullis in the letter of July 23.

35. On July 30, 2021, Ms. Genullis responded to Guardian letter of the same date, indicating that claim process was deemed completed and that she would be filing this lawsuit.

36. Guardian has not responded to Genullis' July 30, 2021 letter.

37. Ms. Genullis has exhausted all required claims processes and/or administrative remedies and is entitled to seek the relief requested in this Complaint.

38. The required claim process is deemed exhausted.

39. Since originally filing her claim for LTD benefits, Ms. Genullis has been and remains disabled as the Policy define that term.

5

40.     Ms. Genullis has satisfied all conditions precedent to receiving benefits under the Policy.

41.     Ms. Genullis is entitled to LTD benefits under the Policy from the date she satisfied the elimination period (May 28, 2021), and such benefits are due and owing through the date of judgment and through the maximum benefit periods of the Policy.

C.      **Guardian's Failure to Render a Claim Decision Violates ERISA**

42.     Guardian has wholly failed to comply with established deadlines for rendering a claim decision.

43.     Guardian failed to timely review and consider Ms. Genullis' information describing her medical conditions, medical records, claim forms and opinion letters from Genullis' doctors that verify her disability, among other evidence contained within the claim file proving Genullis' disability.

44.     The evidence in the claim file, including the opinions of her treatment providers and medical records, establishes Ms. Genullis' entitlement to LTD benefits.

45.     Pursuant to ERISA regulations, a decision was due from Guardian within 45 days of the submission thereof, or by April 17, 2021.  29 C.F.R. §2560.503-1 (f)(3).  The applicable regulations permit an administrator (such as Guardian) to request an additional 30 days to render a determination provided that the plan administrator (Guardian) both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period of the circumstances requiring the extension of time and the date by which the plan expects to render a decision.

46.     Guardian sent a letter dated April 15, 2021 indicating that it did not possess all documents it believed necessary to render a claim decision but did not explain why that circumstance was beyond its control.  The letter indicated a decision would be rendered by May, 15, 2021.

47.     Guardian has failed to comply with the regulations which further provides:

6

> If, prior to the end of the first 30-day extension period, the administrator determines that, due to matters beyond the control of the plan, a decision cannot be rendered within that extension period, the period for making the determination may be extended for up to an additional 30 days, provided that the plan administrator notifies the claimant, prior to the expiration of the first 30-day extension period, of the circumstances requiring the extension and the date as of which the plan expects to render a decision.

29 C.F.R. §2560.503-1 (f)(3).

48. Guardian did not notify Ms. Genullis of a reason for requiring another 30 days to render a claim decision.

49. Guardian failed to render a decision within either the initial 45-days or within the two 30-day extensions (assuming such extensions were requested and justified—which they were not) as required by ERISA.

50. Because Guardian has failed to timely review the claim and has issued no decision within the required deadline(s), Plaintiff is entitled to a judgment and declaration that her claim is approved and benefits should be paid.

### III.   CLAIM FOR RELIEF
#### (Claim for Relief Under ERISA Section 502(a))

51. Ms. Genullis incorporates herein all allegations contained in this Complaint.

52. Ms. Genullis brings this action under ERISA Section 502(a), which, among other remedies provides her with a right to file a civil action to recover benefits due under the Policy and Plan, to enforce her rights under the Policy and Plan, and/or to clarify her right to future benefits under the Policy and Plan. See ERISA Section 502(a)(1)(b), 29 U.S.C. § 1132 (a)(1)(b).

53. The evidence presented to Guardian establishes that Ms. Genullis has been continuously disabled under the terms of the Policy from the date benefits began through present.

54. At all relevant times, Ms. Genullis is and has been entitled to LTD benefits under the Plan and Policy.

55. By the acts and omissions described herein, and through others likely to be uncovered through discovery, Defendant breached the terms of the Policy.

56. By the acts and omissions described herein, and through others likely to be uncovered through discovery, Defendant failed to render a timely claim decision such that benefits are now payable.

57. As a direct and proximate result of Defendant's breach, Ms. Genullis has been denied benefits due to her under the LTD Policy.

58. As a direct and proximate result of Defendant's breach, Ms. Genullis' claim for LTD benefits must be deemed "approved" and paid by Guardian until such time as Defendant has issued a valid "adverse benefit determination" as that phrase is defined by ERISA.

59. Ms. Genullis brings this action to recover past-due LTD benefits (with interest) retroactive to May 28, 2021 (the date her LTD benefits were due to begin) and to obtain clarification of her rights to future LTD benefits.

60. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Ms. Genullis is entitled to bring this civil action to enjoin any act or practice that violates ERISA or the terms of the Plan.

61. Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), Ms. Genullis brings this civil action to obtain other appropriate equitable relief to redress Guardian's violations of ERISA and the Policy, or to enforce any provision of ERISA or the terms of the Policy.

62. Defendant is a fiduciary of the Plan for purposes of ERISA Section 402(a)(1) with authority to control and manage the operation and the administration of the Plan and Policy.

63. By not rendering a claim decision and delaying payment of a compensable claim, while simultaneously earning substantial interest and/or return on equity from the unpaid benefits,

Defendant placed its financial interests ahead of Ms. Genullis' and received financial benefits at her expense.

64. By the acts and omissions described throughout this Complaint, and through others likely to be learned through discovery, Defendant forced Ms. Genullis to incur significant attorneys' fees.

65. By the acts and omissions described throughout this Complaint, and through others likely to be learned through discovery, Defendant has failed to timely render a claim decision.

66. Plaintiff is entitled to the LTD benefits as she satisfies the applicable definition of disability.

67. As a Plan fiduciary, Defendant owes Ms. Genullis an equitable duty to remedy and compensate her for the losses it caused her to suffer and when Guardian breached its fiduciary obligations.

68. Under 29 U.S.C. § 1132(a)(3), Ms. Genullis is entitled to equitable relief for the separate and distinct harms she suffered from Defendant's violations of ERISA and the Plan, and such equitable relief includes the following:

a. Acceleration—an action advancing the breaching party's obligations under a contract—is an equitable remedy available under 29 U.S.C. § 1132(a)(3)

b. Accounting for profits—an action for equitable relief against a person in a fiduciary relationship to recover profits taken in a breach of the relationship—is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

c. Disgorgement—an action seeking to have the court compel Guardian to return improperly gained profits—is an equitable remedy available under 29 U.S.C. § 1132(a)(3);

d. Injunctive relief is an equitable remedy available under 29 U.S.C. § 1132(a)(3).

      e.      Restitution—an action seeking an award of damages against a defendant that has been unjustly enriched at the Plaintiff's expense—is an equitable remedy available under 29 U.S.C. § 1132(a)(3); and

      f.      Surcharge—an award of money damages imposed on a fiduciary for breach of duty—is an equitable remedy available under 29 U.S.C. § 1132(a)(3).

      69.      Ms. Genullis also seeks to recover all awardable interest, attorneys' fees, and costs under 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff, Erin Genullis, requests the Court to enter judgment in her favor and against Defendant, Guardian, as follows:

a) Declare that Plaintiff is disabled within the meaning of the Policy and is entitled to LTD benefits under the Plan and the Policy;

b) Order Guardian to pay Ms. Genullis all past-due benefits under the Policy from the date they became due through the date of judgment, together with interest (both statutory and moratory) on each monthly payment from the date it became due through the maximum benefit period of the Policy or until such time be deemed to be approved and paid until Defendant issues a valid "adverse benefit determination;

c) Determine and then declare that Ms. Genullis is entitled to receive LTD benefits under the Policy for as long as she continues to meet the terms and conditions in the Policy for receipt of such benefits;

d) Order Guardian to pay Ms. Genullis the costs of the suit herein, including reasonable attorneys' fees, under ERISA Section 502(g)(1), 29 U.S.C. § 1132(g);

e) Provide such other and further equitable relief as this Court deems just and proper under 29 U.S.C. § 1132(a)(3), including without limitation the equitable remedies of

surcharge, disgorgement, injunctive relief, unjust enrichment, restitution, and/or accounting, in amounts to be proven.

Respectfully submitted this 13th day of August 2021, by:

McDermott Law, LLC

*s*/ Shawn E. McDermott
_____
Shawn E. McDermott, #21965
4600 S. Ulster Street, Suite 800
Denver, CO 80237
(303) 964-1800
(303) 964-1900 (fax)
*shawn@mcdermottlaw.net*

Plaintiff's Address:
19054 E. Bellewood Drive
Aurora, CO 80015